*[handwritten: Ree Paw / 150018752]*

*[handwritten top right: 24]*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

Case: 2:26-cv-10099
Assigned To : DeClercq, Susan K.
Referral Judge: Patti, Anthony P.
Assign. Date : 1/12/2026
Description: CMP SWOOPE v BASIN ET AL (JP)

**CHRISTOPHER SWOOPE,**

**Plaintiff,**

**v.**

**ANDREA BRADLEY-BASIN, in her individual capacity;**

**PONCE D. CLAY, in his individual capacity;**

**CLAY LAW AND THE BENKEL COMPANY, PLLC, a Michigan professional limited liability company;**

**ROBERT STANDIFER, Court Clerk, in his individual capacity;**

**JOHN/JANE DOE BAILIFFS 1–20, in their individual capacities;**

**WAYNE COUNTY, a Michigan municipal entity;**

**DUANE CRAWFORD, an individual;**

**STELLA MURPHY CRAWFORD, an individual;**

**DNS INVESTMENTS, LLC, a foreign limited liability company;**

**JANRALYN SMALL, an individual;**

**Defendants,**

---

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (42 U.S.C. § 1983; 42 U.S.C. § 1985 (Pled in the Alternative);

**Supplemental State-Law Claims)**

---

# TABLE OF CONTENTS

I. Introduction / Preliminary Statement

II. Jurisdiction and Venue

III. Controlling Law and Rule Authority

IV. Questions Presented

V. Parties

VI. Procedural History

VII. Factual Allegations

VIII. Immunity, Abstention, and Preclusion Firewall

IX. Standards of Review

X. Claims for Relief

XI. Supplemental State-Law Claims

XII. Damages Architecture

XIII. Relief Requested

XIV. Jury Demand

XV. Compliance, Ethics, and Sanctions Reservation

XVI. Conclusion and Chronological Statement of Material Facts

XVII. Verification

XVIII. Certificate of Service

---

# TABLE OF AUTHORITIES

Constitutional Provisions

U.S. Const. amend. I

U.S. Const. amend. IV

U.S. Const. amend. XIV

---

## Statutes

42 U.S.C. § 1983

42 U.S.C. § 1985

28 U.S.C. § 1331

28 U.S.C. § 1343

28 U.S.C. § 1367

28 U.S.C. § 1391

---

## Rules

Fed. R. Civ. P. 8

Fed. R. Civ. P. 10

Fed. R. Civ. P. 11

Fed. R. Civ. P. 12

---

## Cases

Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)

Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923)

D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983)

Younger v. Harris, 401 U.S. 37 (1971)

Ex parte Young, 209 U.S. 123 (1908)

---

# I. INTRODUCTION / PRELIMINARY STATEMENT

1. This case arises from a coordinated, state-powered deprivation of Plaintiff's possessory rights and meaningful court access through (i) defective and jurisdictionally improper landlord–tenant process, (ii) illegal lockout/self-help measures, (iii) weaponized PPO exclusion during active litigation, (iv) intimidation by court officers, and (v) obstruction and/or manipulation of court record entry necessary to pursue timely appellate review.
2. Plaintiff does not seek federal appellate review of a state-court judgment as such. Plaintiff challenges independent constitutional injuries caused by Defendants' conduct, including structural due-process violations and denial of meaningful access to courts.
3. Plaintiff seeks declaratory, injunctive, and monetary relief for constitutional deprivations caused by Defendants' actions under color of law, joint participation between private and state actors, and municipal failures in training, supervision, policy, and custom.

---

# II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
5. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.
6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts and omissions giving rise to these claims occurred in Wayne County, Michigan.

## III. CONTROLLING LAW AND RULE AUTHORITY

7. This pleading is submitted under Fed. R. Civ. P. 8(a) and 10(b), with numbered paragraphs providing fair notice of the claims and grounds for relief.
8. Plaintiff pleads sufficient factual matter to state plausible claims for relief under Twombly and Iqbal.
9. Section 1983 provides a cause of action against any person who, under color of state law, deprives a plaintiff of rights secured by the Constitution and laws of the United States.
10. Municipal liability attaches where a policy, custom, or deliberate indifference in training or supervision is a moving force behind constitutional injury. Monell, 436 U.S. 658.
11. Rooker–Feldman does not bar claims alleging independent injuries caused by unlawful conduct under color of law, rather than a request for federal appellate correction of a state judgment. Rooker, 263 U.S. 413; Feldman, 460 U.S. 462.
12. Abstention does not bar damages for completed constitutional injuries and does not insulate bad-faith or unconstitutional practices from prospective relief. Younger, 401 U.S. 37; Ex parte Young, 209 U.S. 123.

## IV. QUESTIONS PRESENTED

13. Whether Defendants, through state power and joint action, deprived Plaintiff of protected property and liberty interests without constitutionally adequate notice, without jurisdiction, and without a meaningful opportunity to be heard, violating the Fourteenth Amendment.
14. Whether Defendants denied Plaintiff meaningful access to courts by obstructing filings and record entry, chilling participation, and impairing appellate rights.
15. Whether Defendants retaliated against Plaintiff for protected petitioning and courtroom advocacy through intimidation and coercive actions that would deter a person of ordinary firmness.
16. Whether immunity defenses fail where conduct was non-judicial, ministerial but unlawful, outside lawful authority, or violated clearly established rights.
17. Whether Wayne County is liable under Monell for policies, customs, and/or deliberate indifference that caused the constitutional injuries.

## V. PARTIES

18. Plaintiff Christopher Swoope is a resident of Michigan and was, at all relevant times, a lawful lessee holding contractual and possessory rights in the subject property, including authority to control occupancy.

19. Defendant Andrea Bradley-Basin was, at all relevant times, a Judge of the 36th District Court, sued in her individual capacity for non-judicial acts and/or acts taken in the clear absence of lawful authority as alleged.

20. Defendant Duane Crawford is an individual and a principal/agent of DNS INVESTMENTS, LLC.

21. Defendant Stella Murphy Crawford is an individual who acted jointly with Duane Crawford and/or on behalf of DNS INVESTMENTS, LLC.

22. Defendant DNS INVESTMENTS, LLC is a foreign limited liability company involved in the subject property and the landlord–tenant process at issue.

23. Defendant Ponce D. Clay is an attorney sued in his individual capacity for his own conduct and for joint participation with state actors as alleged.

24. Defendant Clay Law and The Benkel Company, PLLC is a Michigan professional limited liability company through which Clay acted and is sued for its own conduct and policies and for vicarious and/or direct liability arising from the acts alleged, including joint participation with state actors and misuse of process.

25. Defendant Janralyn Smalls is sued in her individual capacity for her role in misuse of PPO process and related joint activity.

26. Defendant Robert Standifer is a court clerk of the 36th District Court, sued in his individual capacity for ministerial and record-entry conduct alleged to have obstructed appellate review and due process.

27. Defendants John/Jane Doe Bailiffs 1–20 are officers assigned to the 36th District Court, sued in their individual capacities for intimidation and coercive conduct under color of law.

28. Defendant Wayne County is a municipal entity sued under Monell for policies, customs, and/or deliberate indifference in training and supervision that caused the violations alleged.

---

# VI. PROCEDURAL HISTORY

29. A landlord–tenant proceeding involving the subject property was pursued in the 36th District Court in Wayne County, Michigan.

30. Plaintiff appeared and attempted to assert defenses and rights, including enforcement of arbitration provisions and meaningful participation.

31. Plaintiff contends the proceeding and related conduct deprived Plaintiff of jurisdictionally valid process and constitutionally sufficient safeguards, and that appellate rights were chilled and obstructed by the conduct alleged below.

# VII. FACTUAL ALLEGATIONS

## A. Plaintiff's Possessory Interest and Defendants' Use of State Process

32. Plaintiff held a lawful possessory interest in the property pursuant to authorization and receipt of rent by Duane Crawford and Stella Murphy Crawford and/or DNS INVESTMENTS, LLC.
33. Plaintiff's governing agreement contained arbitration provisions for disputes arising out of the tenancy/possession relationship.
34. Plaintiff invoked arbitration and sought enforcement; Defendants opposed and/or the court refused enforcement, compounding defects in process and fairness alleged herein.

## B. Lack of Statutory Notice to Quit / Jurisdictional Defects

35. Defendants commenced and pursued landlord–tenant proceedings without a properly served and filed statutory notice to quit required to lawfully terminate possession under Michigan law, including required notice periods applicable to Plaintiff's tenancy circumstances.
36. Plaintiff contends Defendants lacked valid proof of service of the statutory notice to quit, depriving Plaintiff of constitutionally adequate notice and undermining lawful basis for proceedings.
37. Plaintiff contends the court proceeded despite absent jurisdictional predicates and without requiring strict compliance with notice and service safeguards.

## C. Illegal Self-Help / Lockout During Pendency of Litigation

38. During pendency of dispute, Duane Crawford and Stella Murphy Crawford and/or DNS INVESTMENTS, LLC caused or directed an unlawful lockout by changing locks and excluding Plaintiff without a writ of eviction or lawful authority. Plaintiff further alleges Ponce D. Clay and Janralyn Smalls knowingly assisted, facilitated, and/or coordinated acts and misuse of process to maintain exclusion as described below.
39. The lockout/self-help conduct caused immediate deprivation of possessory rights and consequential harms, including loss of access, disruption, and damages.

## D. PPO Weaponization and Joint Planning with Smalls

40. After Plaintiff confronted illegality of lockout, Duane Crawford, Stella Murphy Crawford, and Ponce D. Clay met with Janralyn Smalls at a police station and encouraged and/or coordinated her pursuit of a PPO aimed at excluding Plaintiff from the property.
41. Smalls admitted under oath she met with the Crawfords at the police station before obtaining the PPO.
42. The PPO was used as an instrumentality to effectuate exclusion during active landlord–tenant litigation and suppress Plaintiff's ability to assert rights.

## E. Misrepresentations and Improper Character Evidence

43. In open court, Clay repeatedly mischaracterized Plaintiff as a "squatter" and "trespasser" despite Plaintiff's evidence and the parties' conduct indicating authorization and rent receipt.
44. Clay introduced or emphasized Plaintiff's criminal history in open court to smear credibility and chill advocacy, and Plaintiff contends the court permitted improper character-based tactics to influence proceedings.

## F. Non-Neutral Tribunal, Denial of Meaningful Hearing, and Coercive Threats

45. Judge Bradley-Basin acted outside the neutral adjudicative role by personally examining identification, assuming factfinding functions outside ordinary adversarial testing, and making credibility determinations in a manner not tethered to fair record-based process.
46. Judge Bradley-Basin refused Plaintiff's request to retain counsel and curtailed Plaintiff's ability to be meaningfully heard, including limiting cross-examination and failing to rule on properly presented motions and objections.
47. Judge Bradley-Basin threatened coercive measures, including an appeal bond in a context Plaintiff contends was intended and understood to chill appellate rights.

## G. Clerk Record Entry Obstruction / Appeal Window Harm

48. Clerk Standifer failed to timely enter judgments, orders, and/or material docket events into the Register of Actions needed to calculate deadlines and pursue timely appeal.
49. Plaintiff contends that after Plaintiff complained, entries were backdated and/or corrected in a manner undermining Plaintiff's ability to pursue meaningful appellate review.
50. Plaintiff contends this conduct caused concrete injury by obstructing and narrowing appellate remedies and practical ability to obtain review.

## H. Bailiff Intimidation and Chilling of Participation

51. Bailiffs surrounded, intimidated, and threatened Plaintiff on courthouse grounds immediately in and outside the courtroom in a manner intended to chill participation and exercise of protected rights.
52. Plaintiff contends this conduct would deter a person of ordinary firmness from petitioning, speaking, and advocating in court.

## I. Wayne County Policy/Custom/Deliberate Indifference

53. Wayne County maintained policies, customs, and/or deliberate indifference in training and supervision of clerks and bailiffs that permitted intimidation, record-entry obstruction, and denial of meaningful access to court processes.
54. Wayne County's failures were a moving force behind the constitutional violations alleged.

---

# VIII. IMMUNITY, ABSTENTION, AND PRECLUSION FIREWALL

55. Judicial immunity does not bar this action to the extent Plaintiff challenges non-judicial conduct, administrative/ministerial conduct, and/or conduct taken in the clear absence of lawful authority.
56. Quasi-judicial immunity does not protect clerks for unlawful ministerial acts or acts outside lawful authority, including acts obstructing record integrity and appellate access.
57. Quasi-judicial immunity does not protect bailiffs for coercive intimidation and threats not legitimate security functions and that violate clearly established rights.
58. Qualified immunity is unavailable where rights—meaningful court access, freedom from retaliation for petitioning, and procedural due process—were clearly established.
59. Rooker–Feldman does not apply because Plaintiff challenges independent constitutional injuries caused by Defendants' conduct, not a request to overturn a state judgment as such.
60. Younger abstention is inapplicable where Plaintiff seeks damages for completed injuries and prospective relief against unconstitutional practices and alleges bad-faith misuse of process and structural defects.
61. Claim preclusion and claim-splitting do not bar claims where Plaintiff could not fully and fairly litigate the federal constitutional injuries alleged and where injuries include independent misconduct (record obstruction, intimidation, coercion) not remedied in state process.

## IX. STANDARDS OF REVIEW

62. Constitutional claims under § 1983 are reviewed de novo as to legal sufficiency and constitutional standards.
63. Denial-of-access and retaliation claims are evaluated under clearly established First and Fourteenth Amendment doctrines.
64. Structural due-process violations—where process is fundamentally compromised—are presumptively prejudicial.

## X. CLAIMS FOR RELIEF

### COUNT I — 42 U.S.C. § 1983

FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS

(Against Bradley-Basin; Clay; Clay Law and The Benkel Company, PLLC; Duane Crawford; Stella Murphy Crawford; DNS; Smalls; Clerk Standifer; Bailiffs 1–20; and Wayne County, as applicable)

65. Plaintiff incorporates paragraphs 1–64.
66. Plaintiff possessed protected property and liberty interests, including possessory rights and the right to be heard in a fair process affecting those rights.
67. Defendants, through state power and joint action, deprived Plaintiff of those interests without constitutionally adequate notice and without a meaningful opportunity to be heard before a neutral decisionmaker.
68. The conduct alleged—including proceeding without lawful notice/service predicates, facilitating exclusion without lawful authority, permitting coercive intimidation, and denying meaningful adversarial testing—constituted deprivation of due process.
69. Each Defendant is liable to the extent of direct participation, causation, and/or joint action under color of law.

### COUNT II — 42 U.S.C. § 1983

DENIAL OF ACCESS TO COURTS

(Against Bradley-Basin; Clerk Standifer; Bailiffs 1–20; Clay; Clay Law and The Benkel Company, PLLC; and Wayne County, as applicable)

70. Plaintiff incorporates paragraphs 1–69.
71. Plaintiff engaged in protected court-access activity, including defending proceedings, filing motions/objections, requesting counsel, and pursuing appellate review.
72. Defendants impaired Plaintiff's access to courts through intimidation, coercive threats, curtailment of meaningful hearing mechanisms, and record-entry obstruction affecting ability to calculate deadlines and obtain review.
73. Plaintiff suffered actual injury, including impairment of appellate remedies, narrowed review opportunities, and denial of meaningful review on the merits.

---

## COUNT III — 42 U.S.C. § 1983

FIRST AMENDMENT RETALIATION / CHILLING OF PETITION RIGHTS

(Against Bradley-Basin; Bailiffs 1–20; Clerk Standifer; Clay; Clay Law and The Benkel Company, PLLC; and Wayne County, as applicable)

74. Plaintiff incorporates paragraphs 1–73.
75. Plaintiff engaged in protected activity by petitioning the court, advocating, objecting, asserting rights, and seeking appellate review.
76. Defendants took adverse actions—including intimidation, coercive threats concerning appeal barriers, courtroom coercion, and record-based obstruction—that would chill a person of ordinary firmness from continuing to exercise protected rights.
77. Defendants' adverse actions were motivated at least in part by Plaintiff's protected activity and caused injury.

---

## COUNT IV — 42 U.S.C. § 1983

JOINT ACTION / CONSPIRACY UNDER COLOR OF LAW

(Against all Defendants, as applicable)

78. Plaintiff incorporates paragraphs 1–77.
79. Defendants reached agreements and engaged in coordinated conduct to misuse state processes—landlord–tenant machinery, PPO mechanisms, courtroom authority, bailiff coercion, and clerk record control—to deprive Plaintiff of constitutional rights.
80. Private Defendants acted under color of state law through joint participation with state actors and through knowing use of state power to accomplish unlawful deprivation, including by leveraging court authority and ministerial machinery as instruments of exclusion.

## COUNT V — 42 U.S.C. § 1983

FOURTH AMENDMENT UNREASONABLE SEIZURE / DEPRIVATION OF POSSESSORY INTEREST

(Against Duane Crawford; Stella Murphy Crawford; DNS; Clay; Clay Law and The Benkel Company, PLLC; Smalls; and any state actors who enforced, ratified, or facilitated the deprivation, as applicable)

81. Plaintiff incorporates paragraphs 1–80.
82. Plaintiff held a possessory interest protected against unreasonable seizure and state-powered dispossession.
83. Defendants, through lockout/self-help conduct and coordinated use of state mechanisms to exclude Plaintiff, caused unreasonable deprivation of Plaintiff's possessory rights without lawful authority and without constitutionally adequate safeguards.

## COUNT VI — 42 U.S.C. § 1983

MONELL LIABILITY (WAYNE COUNTY)

(Against Wayne County)

84. Plaintiff incorporates paragraphs 1–83.
85. Wayne County maintained policies, customs, and practices, and/or exhibited deliberate indifference through failure to train and supervise clerks and bailiffs, such that intimidation, record obstruction, and procedural deprivation were foreseeable and recurring risks.
86. Wayne County's policies/customs/deliberate indifference were a moving force behind Plaintiff's constitutional injuries.

---

## COUNT VII — 42 U.S.C. § 1985 (PLED IN THE ALTERNATIVE)

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(Against Defendants, as applicable)

87. Plaintiff incorporates paragraphs 1–86.
88. To the extent the evidence supports the statutory elements required for the § 1985 theory pursued, Defendants conspired to obstruct justice and deprive Plaintiff of equal protection and due process through coordinated misuse of state process, intimidation, and deception.
89. Plaintiff pleads this count in the alternative and does not rely on it as necessary for relief under § 1983.

---

## XI. SUPPLEMENTAL STATE-LAW CLAIMS

## COUNT VIII — ABUSE OF PROCESS (MICHIGAN)

(Against Clay; Clay Law and The Benkel Company, PLLC; Duane Crawford; Stella Murphy Crawford; DNS; Smalls; and others, as applicable)

90. Plaintiff incorporates paragraphs 1–89.
91. Defendants used legal process for an ulterior purpose—exclusion and leverage rather than legitimate adjudication—and committed willful acts in use of process not proper in regular conduct of proceedings.

## COUNT IX — ILLEGAL SELF-HELP / WRONGFUL EVICTION / UNLAWFUL LOCKOUT (MICHIGAN)

(Against Duane Crawford; Stella Murphy Crawford; DNS; and Clay and/or Clay Law and The Benkel Company, PLLC, as aider/participant, as applicable)

92. Plaintiff incorporates paragraphs 1–91.
93. Defendants changed locks and excluded Plaintiff without lawful authority and without a writ, causing damages and entitling Plaintiff to statutory and common-law relief.

## COUNT X — DEFAMATION (MICHIGAN)

(Against Clay; Clay Law and The Benkel Company, PLLC; and others, as applicable)

94. Plaintiff incorporates paragraphs 1–93.
95. Defendants published false factual assertions characterizing Plaintiff as a "squatter" and "trespasser" despite evidence of authorization and rent receipt, causing reputational harm and damages.

## COUNT XI — CIVIL CONSPIRACY (MICHIGAN)

(Against all non-immune Defendants, as applicable)

96. Plaintiff incorporates paragraphs 1–95.
97. Defendants combined and agreed to accomplish an unlawful purpose or a lawful purpose by unlawful means, including exclusion through misuse of process and coordinated coercion.

## COUNT XII — 42 U.S.C. § 1983

## FABRICATION OF EVIDENCE / KNOWING PRESENTATION OF FALSE MATERIAL FACTS

(Against Clay; Clay Law and The Benkel Company, PLLC; Duane Crawford; Stella Murphy Crawford; DNS; and all other Defendants shown by discovery and the record to have knowingly participated in or adopted the fabricated narrative, as applicable)

98. Plaintiff incorporates paragraphs 1–97.
99. Plaintiff alleges that Defendants Clay and Clay Law knowingly advanced and repeated materially false factual assertions and/or fabricated core jurisdictional and merits facts— through pleadings, statements, and litigation filings—concerning Plaintiff's tenancy/possessory rights, the existence and effect of written agreements, and Plaintiff's lawful status at the premises.
100. Plaintiff further alleges that Duane Crawford, Stella Murphy Crawford, and DNS knowingly adopted, ratified, and benefited from such fabricated narrative and false factual submissions, including through joint litigation positions pursued by their counsel (Clay) to obtain state-powered exclusion and dispossession.
101. Plaintiff alleges the fabrication and knowing use of false material facts was calculated to influence state judicial decisionmaking, justify exclusionary enforcement mechanisms, and defeat Plaintiff's ability to obtain a fair adjudication and meaningful review.
102. Plaintiff suffered constitutional injury, including deprivation of property interests and denial of meaningful access to courts, as a direct and proximate result of the knowing use of fabricated or materially false factual submissions under color of law and/or through joint action with state actors as alleged.

## COUNT XIII — 42 U.S.C. § 1983

**DEPRIVATION OF DUE PROCESS THROUGH KNOWING USE OF FALSE SMEAR EVIDENCE AND IMPROPER CHARACTER ACCUSATIONS**

(Against Clay; Clay Law and The Benkel Company, PLLC; and all Defendants who knowingly participated in, adopted, or leveraged the improper smear narrative to impair neutrality and fairness, as applicable)

103. Plaintiff incorporates paragraphs 1–102.

104. Plaintiff alleges Defendants Clay and Clay Law knowingly injected false and/or inflammatory "smear" assertions and improper character accusations into the proceeding and record—beyond legitimate advocacy—to poison neutrality, chill Plaintiff's participation, and impair the tribunal's ability to adjudicate on competent, lawful grounds.

105. Plaintiff alleges such conduct included, without limitation, mischaracterizing Plaintiff's lawful status and possessory rights, using defamatory labels as purported "facts," and pressing improper character-based narratives to displace evidence-based adjudication and to deter protected litigation activity.

106. Plaintiff alleges the court process, as influenced by these false and improper submissions, was fundamentally unfair in application to Plaintiff and deprived Plaintiff of meaningful hearing safeguards as required by the Fourteenth Amendment.

107. Plaintiff suffered concrete injury, including impairment of fair adjudication and meaningful review, and resulting deprivation of property interests, as a direct and proximate result of Defendants' conduct.

---

## COUNT XIV — 42 U.S.C. § 1983

**WRONGFUL CIVIL PROCESS / ABUSE OF STATE PROCESS CAUSING CONSTITUTIONAL DEPRIVATION**

(Against Duane Crawford; Stella Murphy Crawford; DNS; Clay; Clay Law and The Benkel Company, PLLC; Smalls; and all Defendants who initiated, advanced, or maintained wrongful process resulting in state-powered deprivation, as applicable)

108. Plaintiff incorporates paragraphs 1–107.

109. Plaintiff alleges Defendants caused and maintained civil process and enforcement mechanisms without lawful predicates and for improper purposes—namely, exclusion, leverage, and dispossession—rather than legitimate adjudication.

110.     Plaintiff alleges Defendants advanced such process with knowledge of critical defects (including defective notice predicates, false factual narratives, and unlawful self-help exclusion), and continued to press the process to obtain state-powered deprivation of Plaintiff's possessory interests.

111.     Plaintiff alleges the process resulted in constitutional injury, including deprivation of possessory rights and liberty/property interests through state power and joint action, without constitutionally adequate safeguards.

112.     Plaintiff suffered damages and constitutional injury as a direct and proximate result of Defendants' wrongful initiation and maintenance of such process.

---

## COUNT XV — 42 U.S.C. § 1986

## NEGLECT TO PREVENT CIVIL RIGHTS CONSPIRACY

(Against Clay; Clay Law and The Benkel Company, PLLC; and all Defendants who had knowledge of the § 1985 conspiracy and power to prevent or mitigate it but failed or refused to do so, as applicable)

113.     Plaintiff incorporates paragraphs 1–112.

114.     Plaintiff alleges that to the extent Count VII (42 U.S.C. § 1985) is established by the evidence, Defendants Clay and Clay Law had actual or constructive knowledge of the coordinated plan to misuse state process and enforcement mechanisms to deprive Plaintiff of constitutional rights.

115.     Plaintiff further alleges Clay and Clay Law had the ability—through their control of litigation conduct, filings, positions, and representations—to prevent or mitigate the unconstitutional deprivation, but instead continued and escalated conduct that furthered the deprivation.

116.     As a direct and proximate result of such neglect to prevent the conspiracy, Plaintiff suffered the injuries described herein, including deprivation of property interests and denial of meaningful court access.

---

## COUNT XVI — FRAUD UPON THE COURT / INHERENT AUTHORITY (EQUITABLE RELIEF)

(Against Clay; Clay Law and The Benkel Company, PLLC; and all Defendants shown to have knowingly participated in, ratified, or benefited from fraud upon the tribunal and the record, as applicable)

117.     Plaintiff incorporates paragraphs 1–116.

118.     Plaintiff alleges Defendants committed fraud upon the court by knowingly presenting materially false facts and/or inconsistent representations on core issues bearing on jurisdiction, lawful possession, and entitlement to exclusionary relief, thereby corrupting the integrity of the adjudicative process and the record required for review.

119.     Plaintiff alleges such misconduct was not harmless advocacy error, but purposeful record corruption and tribunal-directed deception designed to secure state-powered outcomes and to obstruct meaningful appellate review.

120.     Plaintiff seeks all equitable and ancillary relief available under the Court's inherent authority, including declarations, appropriate corrective relief, and any orders necessary to prevent Defendants from benefiting from fraud upon the tribunal.

---

# XII. DAMAGES ARCHITECTURE

121.     Plaintiff seeks compensatory damages for economic loss, loss of property interests, business interruption, consequential damages, emotional distress, reputational harm, and constitutional injury.

122.     Plaintiff seeks punitive damages against individual Defendants to the maximum extent permitted by law where conduct was willful, malicious, or in reckless disregard of Plaintiff's rights.

123.     Plaintiff seeks declaratory relief and prospective injunctive relief to prevent recurrence of unconstitutional practices.

Requested Damages

124. Andrea Bradley-Basin $500,000,000

125. Ponce D. Clay $600,000,000

126. Clay Law and The Benkel Company, PLLC $400,000,000

127. Duane Crawford; Stella Murphy Crawford; and DNS INVESTMENTS, LLC $15,000,000

128. Wayne County $30,000,000

129. Clerk Standifer $10,000,000

130. Each John/Jane Doe Bailiff $10,000,000

---

## XIII. RELIEF REQUESTED

131.    Declare that Defendants' conduct, as proven, violated Plaintiff's constitutional rights.

132.    Enter appropriate injunctive relief prohibiting continuation of unconstitutional practices, including intimidation and record obstruction affecting court access.

133.    Award compensatory damages in an amount to be proven at trial.

134.    Award punitive damages against individual Defendants where permitted and supported by proof.

135.    Award costs, interest, and any fees permitted by law.

136.    Grant such other and further relief as the Court deems just and proper.

---

## XIV. JURY DEMAND

137.    Plaintiff demands a trial by jury on all triable issues.

---

## XV. COMPLIANCE, ETHICS, AND SANCTIONS RESERVATION

138.    Plaintiff brings this action in good faith based upon personal knowledge, record materials, and evidence expected to be confirmed in discovery.

139. Plaintiff reserves the right to seek sanctions and other remedies based on evidence developed in discovery, including record manipulation, spoliation, abuse of process, fraud upon the court, and misconduct.

---

# XVI. CONCLUSION AND CHRONOLOGICAL STATEMENT OF MATERIAL FACTS

1. This action arises from a continuous course of conduct beginning in 2024 and extending through 2025, involving coordinated misuse of landlord–tenant process, unlawful self-help eviction, fabricated factual narratives, intimidation, and judicial conduct outside the neutral adjudicative role.
2. In June–July 2024, Defendants Duane Crawford, Stella Murphy Crawford, and DNS Investments, LLC, through counsel Ponce D. Clay, initiated a landlord–tenant proceeding in the 36th District Court despite the existence of Plaintiff's written lease, accepted rent payments, and Plaintiff's contractual authority to control occupancy and sublease the premises.
3. The landlord–tenant case was filed without proper statutory notice to quit and without lawful jurisdictional predicates required under Michigan law, defects which Plaintiff raised repeatedly in pleadings and in open court.
4. From 2024 through early 2025, Defendant Clay filed numerous pleadings asserting mutually inconsistent factual positions — alternately claiming Plaintiff was a "squatter," that no landlord–tenant relationship existed, and simultaneously seeking termination of tenancy — despite documentary evidence and sworn admissions establishing Plaintiff's lawful possessory status.
5. During this same period, Defendants changed the locks and excluded Plaintiff from the property without a writ of eviction, constituting illegal self-help while litigation was pending.
6. On or about April 9, 2025, Defendant Janralyn Smalls testified under oath that she met with Duane Crawford, Stella Murphy Crawford, and their attorney Ponce D. Clay at a police station prior to seeking a Personal Protection Order, which was then used to further exclude Plaintiff from the property during active litigation.
7. The PPO was weaponized as an enforcement substitute for lawful eviction procedures and was used to suppress Plaintiff's ability to access the property and assert contractual and possessory rights.
8. On February 13, 2025, a dispositive motion hearing and evidentiary proceeding occurred before Defendant Judge Andrea Bradley-Basin, as reflected in the certified transcript.
9. During that proceeding, Judge Bradley-Basin acted outside the neutral judicial role by personally reviewing and evaluating identification documents, engaging in fact-finding traditionally reserved for witnesses, and attempting to validate or invalidate the authenticity of Plaintiff's lease.

10. At that same hearing, Judge Bradley-Basin curtailed Plaintiff's cross-examination, restricted Plaintiff's ability to challenge testimony, and refused to allow Plaintiff to meaningfully respond to factual assertions advanced by Defendants.

11. Plaintiff repeatedly requested the opportunity to obtain counsel, which Judge Bradley-Basin denied or ignored while simultaneously allowing Defendants' counsel to advance extensive argument.

12. Judge Bradley-Basin threatened Plaintiff with an appeal bond, contempt consequences, and adverse rulings in a manner that chilled Plaintiff's exercise of appellate rights and petitioning activity.

13. During and immediately after the hearing, court bailiffs surrounded, intimidated, and threatened Plaintiff inside and outside the courtroom, conduct unrelated to any legitimate security function and intended to deter continued advocacy.

14. Defendant Robert Standifer, acting as court clerk, failed to timely enter orders and docket events into the Register of Actions, impairing Plaintiff's ability to calculate appeal deadlines and pursue meaningful appellate review.

15. Plaintiff raised these record-entry defects contemporaneously; subsequent docket corrections occurred only after objection, further narrowing Plaintiff's appellate window.

16. Throughout 2025, Defendants continued to advance fabricated narratives concerning Plaintiff's tenancy, criminal history, and standing — including repeated courtroom assertions labeling Plaintiff a "squatter" and "trespasser" — despite contrary evidence already in the court record.

17. The eviction proceedings spanned 2024 through 2025, culminating in adverse rulings entered under conditions Plaintiff contends were jurisdictionally defective, procedurally compromised, and tainted by judicial and non-judicial misconduct.

18. Plaintiff's appeal efforts in 2025 were denied or obstructed following the conduct described above, including threats, record irregularities, and intimidation.

19. At no point did Defendants cure the underlying jurisdictional defects, withdraw false factual assertions, or refrain from using state power to enforce exclusion without lawful authority.

20. The acts described herein were not isolated errors, but part of a coordinated course of conduct involving private parties, attorneys, court officers, and municipal actors acting jointly under color of state law.

21. Plaintiff suffered loss of property interests, loss of access, reputational harm, emotional distress, business interruption, and denial of meaningful access to the courts as a direct and proximate result of Defendants' actions.

22. All dates, events, and conduct described herein are corroborated by filed pleadings, certified transcripts, sworn testimony, and the Register of Actions, which Plaintiff will present at trial and through exhibits.

23. Plaintiff brings this action to redress completed constitutional violations, to prevent recurrence of such practices, and to hold each Defendant accountable for their individual and joint participation in the deprivation of Plaintiff's rights.

---

## XVII. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 1/12/2026

/s/Christopher Swoope

Christopher Swoope

20501 LIVERNOIS AVE
   P.O. BOX 21084
DETROIT, MI 48221-9998

248/419/0038

---

## XVIII. CERTIFICATE OF SERVICE

I certify that on 1/12/2026, a true and correct copy of this Complaint was served upon all Defendants by lawful means consistent with the Federal Rules of Civil Procedure.

/s/Christopher Swoope

Christopher Swoope

20501 LIVERNOIS AVE
   P.O. BOX 21084
DETROIT, MI 48221-9998

248/419/0038

1-12-2026

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christopher Swoope

## DEFENDANTS

Andrea Bradley-Ennis

**(b)** County of Residence of First Listed Plaintiff  Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

N/A

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. 1983; 42 USC 1985

Brief description of cause:  Constitutional Deprivation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  1.563m

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  1-12-2026

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously          ☐ Yes
            discontinued or dismissed companion cases in this or any other         ☑ No
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :