UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SWOOPE

Plaintiff,

v.

ANDREA BRADLEY-BASKIN, et al.

Defendants.
_______________________________________/

Case No. 2:26-cv-10099

Honorable Susan K. DeClercq
United States District Judge

Honorable Anthony P. Patti
United States Magistrate Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 41), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 40) AND GRANTING DEFENDANTS BRADLEY-BASKIN AND STANDIFER'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9)**

Plaintiff has objected to the magistrate judge's report recommending granting Defendants Andrea Bradley-Baskin and Robert Standifer's motion for summary judgment. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objections will be overruled because the magistrate judge's report shows no clear error.

**I.**

In this case, Plaintiff Christopher Swoope is suing a number of defendants for conduct related to his eviction and subsequent legal proceedings, including Defendants Andrea Bradley-Baskin and Robert Standifer, the judge and court clerk who handled the landlord-tenant case in 36th District Court ("Defendants"). Defendants moved for summary judgment on the basis of judicial immunity. ECF No. 9. Plaintiff responded. ECF No. 22.

On July 16, 2026, Magistrate Judge Anthony P. Patti issued a report recommending that Defendants' Motion for Summary Judgment be granted. ECF No. 40. Now before this Court is Plaintiff's Objections to Judge Patti's report. ECF No. 41. Although Judge Patti provided both

parties 14 days to object, only Plaintiff did so. Therefore, Defendants have forfeited their right to appeal Judge Patti's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

**II.**

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021).

The court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, No. 1:21-CV-12918, 2023 WL 1997068, at *1 (E.D. Mich. Feb. 14, 2023) (citations omitted); *see also Odell v. Kalitta Air, LLC*, No. 1:22-CV-12290, 2023 WL 4084490, at *1 (E.D. Mich. June 20, 2023) ("If the district court will affirm the magistrate judge's report, then it may simply identify the parts of the record that it reviewed and state that it found no clear error.") (collecting cases).

**III.**

This Court has reviewed Plaintiff's Complaint, ECF No. 1; Defendants' Motion for Summary Judgment, ECF No. 9; Plaintiff's Response to the Motion for Summary Judgment, ECF No. 22; Judge Patti's Report and Recommendation to Grant Defendants Bradley-Baskin and Standifer's Motion for Summary Judgement, ECF No. 40, Plaintiff's Objections, ECF No. 41; and all other applicable filings and law.

Having conducted this *de novo* review, this Court concludes that Judge Patti's factual conclusions are reasonably correct, that he applied to correct law, and that his legal reasoning is sound. That is, there is no clear error in the Magistrate Judge's recommendation that both Defendants Bradley-Baskin and Standifer are entitled to judicial immunity from Plaintiff's claims against them, and therefore are entitled to summary judgment in their favor. Specifically, although Judge Patti does not go through each and every challenged act doing a claim-by-claim, element-by-element analysis, it is abundantly clear that all of Defendant Bradley-Baskin's conduct was solely related to her lawful judicial work and all of Defendant Standifer's conduct was solely related to his work as a court clerk carrying out a judicial function and thus are subject to judicial immunity. For these reasons, Plaintiff's Objections will be overruled, and the Magistrate Judge's Report and Recommendation will be adopted.

**IV.**

Swoope alternatively requests leave to amend his Complaint. *See, e.g.*, ECF No. 41 at PageID.779, 785, 790. Specifically, Swoope argues that if this Court concludes that his Complaint does not sufficiently distinguish protected judicial functions from unprotected conduct, he should be granted leave to amend before judgment is entered. *Id.* at PageID.779. He later requests leave to amend under Federal Rule of Civil Procedure 15(a)(2), *id.* at PageID.785, and his requested relief expressly asks this Court to "[p]ermit Plaintiff to amend the Complaint under Rule 15(a)(2) if the Court identifies curable pleading deficiencies[.]" *Id.*. at PageID.790.

But because this Court will adopt the R&R in full and dismiss Swoope's claims against Bradley-Baskin and Standifer, his request for leave to amend is moot. *See Sparks v. Craig Hutchinson*, No. 16-cv-10752, 2017 WL 345675, at *1 (E.D. Mich. Jan. 24, 2017) (adopting the R&R, granting the defendants' motions to dismiss and for summary judgment, dismissing the

plaintiff's claims, and denying the plaintiff's motion to amend his complaint as moot). And even if Swoope's request were not moot, amendment would be futile because the amendments he proposes would not alter the immunity analysis underlying dismissal. *See Levon v. Marlborough Ests., LLC*, No. 11-15663, 2012 WL 3241321, at *1 (E.D. Mich. Aug. 8, 2012) (adopting the R&R, granting the defendants' motion to dismiss, and denying as futile the plaintiff's motion for leave to amend the complaint). Therefore, Swoope's request for leave to amend will be denied.

**V.**

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 41, are **OVERRULED**.

Further, it is **ORDERED** that Plaintiff's motion to amend, ECF No. 41, is **DENIED**.

Further, it is **ORDERED** that Magistrate Judge Patti's Report and Recommendation, ECF No. 40, is **ADOPTED**.

Further, it is **ORDERED** that Defendants Bradley-Baskin and Standifer's Motion for Summary Judgment is **GRANTED**. Defendants Bradley-Baskin and Standifer are therefore **DISMISSED** as Defendants in this case.

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 11, 2026