UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SWOOPE,

Plaintiff,

v.

ANDREA BRADLEY-BASIN,
PONCE D. CLAY,
CLAY LAW AND THE BENKEL COMPANY, P.L.L.C.,
ROBERT STANDIFER,
JOHN/JANE DOE BAILIFFS 1-20,
WAYNE COUNTY,
DUANE CRAWFORD,
STELLA MURPHY CRAWFORD,
DNS INVESTMENTS, L.L.C., and
JANRALYN SMALL,

Defendants.
_________________________________/

Case No. 2:26-cv-10099

District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ALTERNATE SERVICE UPON DEFENDANT JANRALYN SMALL (ECF No. 38)**

## A. Eight of the ten named Defendants have appeared.

On January 12, 2026, Christopher Swoope, who is proceeding *in pro per*, filed this fee-paid lawsuit, which stems from an alleged landlord-tenant proceeding in 36th District Court in Wayne County, Michigan. (ECF No. 1, ¶¶ 1, 29.) Eight of the ten named Defendants have appeared, either via counsel (*see* ECF Nos. 5 [Clay, Play Law PLC, BenKel Company, LLC]; ECF No. 10 [Bradley-Baskin,

Sandifer]; ECF No. 11 [Wayne County]) or on their own behalf (*see* ECF No. 8 [Duane Crawford, Stella Murphy Crawford].)[1]

**B. Two Defendants have yet to appear.**

On the day Plaintiff filed his complaint, the Clerk of the Court issued summonses, including summonses for: (1) DNS Investments, L.L.C. (ECF No. 2, PageID.32); and, (2) Janralyn Small(s), who Plaintiff names "for her role in misuse of PPO [personal protective order] process and related joint activity[,]" (*see* ECF Nos. 1, PageID.6 ¶ 25; ECF No. 2, PageID.33).[2] Plaintiff has filed United States Postal Service (USPS) Certified Mail Receipts, which suggest that the January 14, 2026 attempt at service upon:

- DNS Investments was "delivered, left with individual" at an address in Williamstown, NJ 08094 on January 22, 2026 (*see* https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=70223330000062489546%2C%2C&tABt=false); and,

- Small(s) was "unclaimed/being returned to sender" on February 2, 2026 (*see* https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&

[1] Plaintiff also listed as defendants "John/Jane Doe Bailiffs 1-20." (*See* ECF No. 1, ¶ 27.)

[2] Although listed in the caption of the complaint as "Small," (ECF No. 1, PageID.1), this Defendant is elsewhere in the complaint referred to as "Smalls," (*id.*, PageID.6-8, 10, 12, 13, 16, 20). This appears to be the Janralyn Small sued by Christopher Swoope in Case No. 25-011929-NZ (Wayne County Circuit Court), the Register of Actoins for which reflects a settlement conference was held on September 23, 2026 and a status conference will be held on October 9, 2026.

tLc=3&text28777=&tLabels=70223330000062489515%2C%2C&tABt=false).

(ECF No. 15, PageID.142-143.) To date, neither DNS Investments nor Small(s) has appeared.

**C. Plaintiff seeks to serve Defendant Small(s) by alternate means.**

In his May 20, 2026 motion, Plaintiff seeks an extension of Fed. R. Civ. P. 4(m)'s deadline for service and authorization for alternate service through "first class U.S. mail," "electronic mail[,]" and "any additional method reasonably calculated to provide actual notice under the circumstances." (ECF No. 38, PageID.721, 723, 724.) Plaintiff relies upon Fed. R. Civ. P. 4(e)(1), M.C.R. 2.105(I), and the Court's inherent authority. (*Id.*, PageID.721-722, 724.)

**D. Order**

Upon consideration, Plaintiff's motion (ECF No. 38) is **GRANTED** to the extent it seeks an extension of Fed. R. Civ. P. 4(m)'s time (*id.*, PageID.724 ¶ D), and Plaintiff shall have up to and including **Friday, October 23, 2026** within which to effect service of process as to Defendant Janralyn Small(s). However, the motion is **DENIED** to the extent it seeks permission to serve process by "*any* additional method reasonably calculated to provide actual notice under the circumstances[,]" (*id.*, PageID.724 ¶ C3 (emphasis added)), because Plaintiff has not shown that "service of process cannot reasonably be made as provided by this rule," M.C.R. 2.105(J)(1) (emphasis added), and

Plaintiff has suggested that a personal protection order (PPO) is in effect. Instead, the Court will permit Plaintiff to effectuate service by **two or more** of the following methods: **(1)** employing a process server to deliver "a summons and a copy of the complaint to the defendant personally[,]" M.C.R. 2.105(A)(1); **(2)** mailing, via "first-class U.S. mail (*see* ECF No. 38, PageID.724 ¶ C1), a copy of this order, the Summons, and the Complaint to 12218 Elmdale St, Detroit, MI 48213 (*i.e.*, Small(s)'s presumed residence (*see* ECF No. 15, PageID.143)); **and**, **(3)** e-mailing a copy of this order, the Summons, and the Complaint to Small(s)'s e-mail address (*see* ECF No. 38, PageID.724 ¶ C2).

**IT IS SO ORDERED.**

Dated: September 30, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE